IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANGELO DiLORENZO,

               Plaintiff,

     v.

UFCW LOCAL 56, HEALTH &
WELFARE FUND,

               Defendant.

HON. JEROME B. SIMANDLE

Civil No. 05-4671 (JBS)

**MEMORANDUM OPINION AND ORDER**

**SIMANDLE**, U.S. District Judge:

This matter is before the Court upon the unopposed motion to dismiss by Defendant UFCW Local 56, Health & Welfare Fund ("Fund") under Rule 12(b)(6), Fed. R. Civ. P., seeking dismissal of the Complaint in its entirety.[1] Because Plaintiff's state law claims are totally pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and any ERISA claims that Plaintiff may have are barred as a matter of law for failure to exhaust remedies under the UFCW Local 56 Health and Welfare Fund Benefits Booklet and Plan Document ("Plan"), the

---

[1] In deciding a Rule 12(b)(6) motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, plaintiff's allegations state a legal claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

motion will be granted and the Complaint will be dismissed.  The
Court finds as follows:

1.    The Plan, administered by the Fund, is a multi-employer
       health and welfare plan within the meaning of 29 U.S.C.
       § 1002(1), (3) and (37).  The Plan provides, among
       other things, group health benefits to Plan
       participants and beneficiaries pursuant to its terms
       and conditions.  Plaintiff is a participant of the
       Plan.

2.    As required by ERISA, the Plan contains a "Statement of
       ERISA Rights," and a mandatory claims procedure for
       review of denied claims.  Specifically, where a "post-
       service claim" involving health benefits is denied, the
       Plan requires a claimant to file a written request for
       review with the Appeals Administrator within 180 days
       after the claimant has received notice of the denial.[2]
       (Def. Ex. 1, Plan at 81.)  Once a request for review of
       a "post service claim" is filed, the Fund will review
       the denial and render its decision within 60 days after
       receipt of the appeal.  (Id.)

_____

[2] Under the Plan, a "post service claim" is "a claim for a
particular benefit or for a particular service after the benefit
or service has been provided." (Def. Br. at 2 n.3.)

3.    On or about April 25, 2004, Plaintiff's son received

medical services from Delaware Valley Plastic Surgery

("Provider").  Following Plaintiff's eventual

submission of the appropriate information, the Fund

determined that Plaintiff received services from an

out-of-network provider and that the Provider's charge

exceeded the Fund's reasonable and customary allowance

for the service performed.

4.    The June 27, 2005 Benefit Statement and Check Receipt

("Receipt") shows that the Fund had covered the

appropriate portion of the Plaintiff's claims for

benefits, and that a check for services performed was

tendered directly to the Provider.  (Def. Ex. 2.)  The

Receipt indicates that Plaintiff retained a balance of

$1,453.46 in charges not covered by the Plan.[3] (Id.)

5.    On August 19, 2005, Plaintiff filed a notice of appeal

with the Fund.  As of the filing of the instant motion

on September 29, 2005, the Fund had not issued a

decision on Plaintiff's appeal.

---

[3] The Plan cautions its participants that "While it is not
mandatory that you be treated by a Physician participating in the
Preferred Provider Organization (PPO) . . . this PPO arrangement
does provide you with the opportunity to save on your medical
expenses.  Remember, you may still be treated by any Physician of
your choice, but this benefit only applies when you are treated
by one of the PPO Physicians."  (Def. Ex. 1, Plan at 42.)

6.    This Complaint was filed by Plaintiff Pro Se in

Superior Court of New Jersey, Special Civil Part,

Camden County, Small Claims Section, on August 22,

2005.  Defendant removed the action here on September

22, 2005.

7.    Plaintiff's state law claim must be dismissed first,

because ERISA provides the exclusive remedy for

participants or beneficiaries to recover benefits under

an employee benefit plan such as the Plan here.  Pilot

Life Ins. v. Dedeaux, 481 U.S. 41, 43 (1987) (holding

claims relating to employee benefit plan preempted by

ERISA).

8.    Second, Plaintiff failed to exhaust internal Plan

remedies.  With limited exceptions not applicable here,

"a federal court will not entertain an ERISA claim

unless the plaintiff has exhausted the remedies

available under the plan."  Weldon v. Kraft, Inc., 896

F.2d 793, 800 (3d Cir. 1990) (citing Wolf v. Nat'l

Shopmen Pension Fund, 728 F.2d 182, 185 (3d Cir.

1984)).

9.    For the foregoing reasons, the Court will grant the

motion to dismiss by Defendant and dismiss the

Complaint without prejudice so as to allow Plaintiff to

exhaust Plan remedies.  See D'Amico v. CBS Corp., 297

F.3d 287, 293 n.9 (3d Cir. 2002) (noting district

courts maintain discretion to dismiss ERISA claim

without prejudice to allow plaintiffs to exhaust plan

remedies).  Therefore,

IT IS this ____**7th**____ day of November 2005 hereby

ORDERED that the unopposed motion to dismiss by Defendant

UFCW Local 56, Health & Welfare Fund under Rule 12(b)(6), Fed. R.

Civ. P., [Docket Item 3] shall be, and hereby is, **GRANTED**; and

IT IS FURTHER ORDERED that the Complaint shall be, and

hereby is, **DISMISSED WITHOUT PREJUDICE**.




                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   U.S. District Judge